UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| MICHAEL EDWARD KNUCKLES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:08-cv-248 |
| | ) | |
| v. | ) | HON. R. ALLAN EDGAR |
| | ) | |
| GREG MCQUIGGIN, et al., | ) | |
| | ) | **OPINION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.      Factual Allegations

Plaintiff Michael Edward Knuckles #421833, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden Greg McQuiggin, Linda Tribley, W. Jondreau, Patricia Caruso, Leo Friedman, Mike Cox, Jennifer Granholm, James Armstrong, Richard Stapleton, Kenneth MacEachen, Laura Hiertz, Anthony McCloud, Christopher Chrysler, Kathleen Meni, Jeri-Ann Sherry, Art Derry, Assistant Deputy Warden Art Derry, Assistant Deputy Warden Unknown Mackie, and Assistant Deputy Warden Unknown Boyton.

The allegations in Plaintiff's complaint are garbled and largely incomprehensible. In his complaint, Plaintiff alleges that staff corruption, discrimination and retaliation are rampant at AMF. Plaintiff claims that he was placed in segregation because he informed a Regional Prison Administrator about a "retaliation memo" written by the Warden. Plaintiff filed numerous kites and complaints regarding Defendants' conduct. Plaintiff claims that he was sentenced to "community correction facility" only after completing boot camp. Plaintiff claims that he was improperly classified in retaliation for being Moorish and/or Nation of Islam, in violation of his due process rights. Plaintiff seeks damages and equitable relief.

II.      Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff claims that he was improperly classified in violation of his due process rights. The Supreme Court has held that a prisoner does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 486 (1995). In *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-791(6th Cir. 1995), the Sixth Circuit applied the *Sandin* test to the claim of a Michigan inmate that the mandatory language of the MDOC's regulations created a liberty interest that he receive notice and hearing before being placed in administrative segregation. In this case, Plaintiff has not alleged that the conditions under which he is being held constitute an atypical or significant hardship under *Sandin*. Consequently, the court concludes that no liberty interest is implicated by his security classification.

Plaintiff also claims that Defendants' conduct was motivated by a desire to retaliate against him for filing kites and complaints. The filing of grievances is constitutionally-protected conduct for which a prisoner cannot be retaliated against. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was

motivated, in least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (N.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "Merely alleging the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. Conclusory allegations of retaliatory motive "with no concrete and relevant particulars" fail to raise a genuine issue of fact for trial. *Salstrom v. Sumner*, No. 91-15689, 1992 WL 72881, at *1 (9th Cir. April 10, 1992); *see also Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. March 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has alleged no facts to support his conclusion that his security classification is the result of retaliatory conduct. Accordingly, his speculative allegation fails to state a claim.

Finally, Plaintiff claims that Defendants discriminated against him on the basis of his race and religion. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). However, Plaintiff's assertions are entirely conclusory. Plaintiff has failed to allege any facts showing that he was treated differently than other similarly situated persons. Therefore, Plaintiff has failed to set forth a nonfrivolous equal protection claim.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: December 5, 2008             /s/ R. Allan Edgar
                                    R. ALLAN EDGAR
                                    UNITED STATES DISTRICT JUDGE